IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWC Company, Inc., | : | |
| Plaintiff | : | Civil Action 2:08-cv-718 |
| v. | : | Judge Sargus |
| CSX Transportation, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

In 2005, Plaintiff DWC Company ("DWC") contracted with Defendant CSX Transportation, Inc. ("CSX") to deliver goods from Ohio to Florida. Employees of third-party defendant Warehouse Services, Inc. ("Warehouse") packed these goods and loaded them onto CSX's freight car. When the car arrived in Florida, the goods were discovered to have been destroyed in transit. (Doc. 2 at 1-2.)

In 2007, DWC brought suit on this matter against CSX and Warehouse in federal court in the Northern District of Ohio. On July 12, 2007, DWC and Warehouse entered into a settlement agreement, whereby DWC dismissed its claims against Warehouse in exchange for payment of $5,000.00. (Doc. 16-1.) At the same time, DWC dismissed its claims against CSX without prejudice. It subsequently re-filed the instant case against CSX. CSX in turn filed a third-party complaint against Warehouse for contribution and indemnity. This matter is now before the Court on Warehouse's motion for summary judgment (Doc. 16).

1

Warehouse argues that, under Ohio Revised Code §2307.28, a party such as Warehouse, which has been granted a release in good faith, cannot be liable for contribution to any other tortfeasor. Thus, it asserts, CSX's suit for contribution is barred as a matter of law, and it has moved pursuant to Fed. R. Civ. Pro. 56(b) for summary judgment.[1] CSX argues, conversely, that Warehouse has failed to show that the release was obtained in good faith.

O.R.C. §2307.28 provides that:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons for the same injury or loss to person or property or the same wrongful death, both of the following apply:

- (A) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of the greater of any amount stipulated by the release or the covenant or the amount of the consideration paid for it, except that the reduction of the claim against the other tortfeasors shall not apply in any case in which the reduction results in the plaintiff recovering less than the total amount of the plaintiff's compensatory damages awarded by the trier of fact and except that in any case in which the reduction does not apply the plaintiff shall not recover more than the total amount of the plaintiff's compensatory damages awarded by the trier of fact.

- (B) The release or covenant discharges the person to whom it is given from all liability for contribution to any other

---

[1] Warehouse moves pursuant to "Rule 56 of the Ohio Rules of Civil Procedure" (Doc. 16 at 1), and both cites to and quotes a nonexistent "Fed. R. Civ. P. 56(C)." (Doc. 16 at 4). The Court presumes that Warehouse is moving pursuant to Fed. R. Civ. Pro. 56(b) as a party against whom relief is sought. The Court's analysis is, therefore, predicated upon the federal Rule.

2

tortfeasor.

Warehouse asserts that this statute ends the matter – Plaintiff granted it a release in the settlement agreement of July 12, 2007, and Warehouse has thus been discharged "from all liability for contribution" with respect to CSX. CSX's counter-argument addresses the requirement that the release be "given in good faith." CSX contends that a genuine issue of material fact exists as to whether the release was given in good faith because Warehouse allegedly has failed to prove any evidence that it was.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

In the case at bar, CSX's speculation that perhaps the release granted by DWC to Warehouse was not given in good faith does not amount even to a "mere scintilla of evidence." It has presented no evidence at all to contradict Warehouse's assertion that the settlement agreement was given in good faith, except to demonstrate that, after dismissing its original suit, DWC sought more money from CSX alone than it had from both tortfeasors together. (Doc. 19-2.) Certainly, "[c]ourts are free to police collusive settlements that unfairly saddle one tortfeasor

4

with a disproportionate share of liability." *Mahathiraj v. Columbia Gas of Ohio, Inc.*, 84 Ohio App.3d 554, 561 (Ohio App. 1992). The Court concludes in this case, however, that the settlement amount of $5,000 between CSX and DWC on a claim which the plaintiff later pleaded was valued at $9,355.11 is not so insubstantial as to give rise to an inference of collusion between DWC and Warehouse. In fact, the undisputed affidavit of Mary M. Moriarty (Doc. 21-2) persuasively demonstrates how the figure of $5,000 was determined -- it was part of an arms-length negotiation in which CSX and Warehouse jointly offered to settle the lawsuit for $9,833.10, with $5,000 to be paid by Warehouse and $4,833.10 by CSX. Plaintiff responded with a demand of $10,000 plus $350 in costs. When settlement was not reached, Plaintiff made a demand on Warehouse for $5,000 plus half the costs. CSX responded by renewing the earlier joint offer of $9,833.10. Later Plaintiff settled with Warehouse for $5,000 plus $175 allocated to costs. (Doc. 21-2.) CSX's present assertion that the amount which it itself participated in negotiating was reached in bad faith is disingenuous and meritless.

Therefore, it is apparent that no genuine issue of material fact exists as to whether the settlement between DWC and Warehouse discharged Warehouse from all liability to its alleged joint tortfeasor, CSX. Accordingly, the motion of third-party defendant Warehouse Services, Inc. for summary judgment (Doc. 16) is GRANTED.

IT IS SO ORDERED.

1-27-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE